IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT D. KELLY, #41062, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00941-JPG |
| | ) |
| NURSE RACHELLE BRAUN | ) |
| and N.P. DAMRACHER,[1] | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Robert Kelly, a detainee at Madison County Jail, brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied dental care at Madison County Jail ("Jail") by Nurse Braun and Nurse Practitioner Damracher. (Doc. 1). He seeks monetary and injunctive relief.[2] (*Id*. at 6).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] Plaintiff identified this individual as "N/P Dambacher" and "N/P Damracher." Until this defendant is identified with particularity, the Court will refer to him/her as "N/P Damracher."

[2] Plaintiff's request for injunctive relief is construed as a request for relief *at the close of the case*. If he seeks interim relief, Plaintiff may file a separate motion for temporary restraining order and/or preliminary injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure at any time during the pending action. In the motion, he should describe the exact relief he seeks and the facts that support the request for relief.

1

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 4-5, 8-13): Soon after his arrival at Madison County Jail, Plaintiff developed dental pain associated with a broken tooth and an exposed nerve. (*Id*. at 4). He requested dental treatment in a nurse sick call slip, and the nurse (Nurse Braun) prescribed him antibiotics and pain medication. (*Id*. at 5, 8). Plaintiff's dental pain persisted. He submitted a second nurse sick call slip to request dental treatment. This time, the nurse gave him a saltwater rinse, which also did not work. Plaintiff filed a third nurse sick call slip, and the nurse practitioner (N.P. Damracher) responded. She recommended another saltwater rinse, but this only increased Plaintiff's pain. When Plaintiff filed grievances to complain about the denial of dental care, Nurse Braun informed him that no dental treatment would be provided for "restorative care." (*Id*. at 7, 9, 12, 13). Plaintiff now claims that he his broken tooth, exposed nerve, and associated pain require treatment with a licensed dentist. (*Id*. at 6).

Based on the allegations summarized herein, the Court designates a single claim in the *pro se* Complaint:

> **Count 1:** Eighth and/or Fourteenth Amendment claim against Nurse Braun and Nurse Practitioner Damracher for denying Plaintiff adequate dental care for his broken tooth, exposed nerve, dental pain, and/or infection at the Jail.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

The applicable legal standard for this claim depends on Plaintiff's status as a pretrial detainee or convicted person at the time he was denied dental care at the Jail. Medical claims brought by a convicted person are governed by the Eighth Amendment, which prohibits cruel and unusual punishment. U.S. CONST. amend VIII. All Eighth Amendment claims include an objective and a subjective component, requiring the plaintiff to show an objectively serious deprivation and

deliberate indifference by each defendant. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir 2011). The allegations support an Eighth Amendment claim against Nurse Braun and Nurse Practitioner Damracher under this standard because they both offered Plaintiff treatment known to be ineffective despite his complaints of persistent dental symptoms and pain.

Medical claims brought by a pretrial detainee are governed by the Fourteenth Amendment's Due Process Clause, which prohibits all forms of punishment. A Fourteenth Amendment claim challenging the denial of medical care involves two inquiries. The first "focuses on the intentionality of the individual defendant's conduct" and "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id*. This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*. The Complaint articulates a colorable Fourteenth Amendment claim against Nurse Braun and Nurse Practitioner Damracher under this standard because the allegations suggest that their intentional denial of Plaintiff's request for dental care was also objectively unreasonable.

## Disposition

**IT IS ORDERED** that **COUNT 1** survives screening against Defendants **BRAUN** and **DAMRACHER**. **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

The Clerk's Office is **DIRECTED** to **ADD** the **MADISON COUNTY JAIL**

**ADMINISTRATOR (official capacity only)** as a defendant in CM/ECF, and he/she is responsible for implementing any injunctive relief that is ordered herein. This defendant need only file an appearance and is not required to answer the Complaint.

Because Count 1 arises from the alleged denial of dental care, the Clerk's Office is also **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

With regard to **COUNT 1**, the Clerk of Court shall prepare for Defendants **MADISON COUNTY JAIL ADMINISTRATOR** (official capacity), **BRAUN**, and **DAMRACHER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs

under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made for leave to proceed without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/21/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## **Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.