IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT D. KELLY, #47062, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-00941-JPG |
| | ) |
| RACHELLE BRAUN | ) |
| MARY DAMBACHER, and | ) |
| MADISON COUNTY JAIL | ) |
| ADMINISTRATOR, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Defendants' Joint Motion to Dismiss Case for Lack of Prosecution Under Federal Rule of Civil Procedure 41(b) made verbally at a motion hearing on September 8, 2021. For the reasons set forth on the record and summarized herein, the motion is granted, and this case is dismissed.

## Background

Plaintiff filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for constitutional deprivations that resulted from the denial of dental care at Madison County Jail. (Doc. 1). This Court recruited counsel to represent him on March 29, 2021. (Doc. 52). Attorney Jason Taylor of Traub Lieberman, et al. located in Chicago, Illinois, was assigned to the case and filed his Notice of Appearance on April 12, 2021. (Doc. 53). At that time, as at all times, Plaintiff was under the obligation to provide his updated address to the Court. (*See* Order at Doc. 4) ("Finally, you are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address. Failure to do so could result in the dismissal of your

case."). His address was listed in CM/ECF as Madison County Jail located at 405 Randall Street in Edwardsville, Illinois.

On August 19, 2021, Attorney Jason Taylor filed a Motion to Withdraw as Attorney for Plaintiff. (Doc. 57). In the motion, Attorney Taylor explained that Plaintiff was released from custody soon after their initial meeting in April 2021. Attorney Taylor attempted to contact Plaintiff on multiple occasions thereafter, by sending certified mail to his attention at Madison County Jail (405 Randall Street in Edwardsville, Illinois) and to the home address provided by the Jail (2820 Buxton Ave., Granite City, Illinois 62040). Although Attorney Taylor received several signed "green cards" confirming receipt of these communications, Plaintiff failed to respond to any of them or to contact his attorney about this case. Plaintiff also failed to communicate any address changes to his attorney or the Court.

On August 19, 2021, the Court set this matter for a motion hearing on September 8, 2021. The Court also entered the following show cause order:

> ORDER TO SHOW CAUSE: According to a 57 Motion to Withdraw as Attorney, Plaintiff was released from custody in April 2021, and he has neither updated his address with the Court/counsel nor been in contact with his attorney about this matter. Plaintiff's counsel seeks permission to withdraw from his representation. Plaintiff is hereby ORDERED TO SHOW CAUSE why this action should not be dismissed based on his failure to prosecute his claims on or before the date set for hearing on the Motion to Withdraw as Attorney. See Fed. R. Civ. P. 41(b). The Scheduling Clerk shall set a hearing on the Motion and send notice of the hearing to Plaintiff at the address currently on file in CM/ECF (Madison County Jail, 405 Randle Street, Edwardsville, IL 62025) and at the address provided by Plaintiff's counsel (2820 Buxton Ave., Granite City, IL 62040). Plaintiff is ORDERED to appear in person at the hearing, and he is WARNED that his failure to comply with this Order shall result in dismissal of the action. Id.

(*See* Doc. 58). Plaintiff was provided with notice of the motion hearing at the Madison County Jail address and the home address listed above. (Doc. 59). The Order to Show Cause and Notice of Hearing were both returned to the Court undeliverable on September 3, 2021. (Doc. 60).

Plaintiff failed to appear at the motion hearing on September 8, 2021, and the Court granted Attorney Taylor's Motion to Withdraw as Attorney (Doc. 57) for Plaintiff.

Defendants then moved to dismiss the action based on Plaintiff's failure to prosecute his claims. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." FED. R. CIV. P. 41(b). The Court is vested with authority to grant a defendant's motion and dismiss a lawsuit for want of prosecution when a plaintiff has failed to prosecute his claims with due diligence. *William v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (district court inherently possesses authority to dismiss case *sua sponte* for want of prosecution). Such dismissal is one of the tools available to a district court to "achieve the orderly and expeditious disposition of cases." *Id.*; *Harrington v. City of Chi.*, 433 F.3d 542 (7th Cir. 2006) (district courts have the inherent power to remedy dilatory conduct by dismissing a case for want of prosecution without a motion from the opposing party); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006) (district court did not abuse its discretion by dismissing lawsuit with prejudice for failure to prosecute without giving plaintiff explicit warning).

As explained on the record, the Court finds that Plaintiff has not prosecuted his claims herein. He did not update his address with the Court after being release from custody, in violation of the Court's Order to do so within seven days of any address change. (*See* Doc. 7). He did not respond to the show cause order regarding the same. (*See* Doc. 58). He did not communicate any address change to his attorney or respond to his attorney's attempts to communicate with him about this case. (*See* Doc. 57). He also failed to appear at the hearing on his attorney's motion to withdraw as counsel. By all indications, Plaintiff has made no attempt to litigate his claims since being release from custody in April 2021. He has abandoned this case.

The Court will not allow this matter to linger any longer.  Defendants' Joint Motion to Dismiss, made at the motion hearing on September 8, 2021, is **GRANTED**.

### Disposition

**IT IS ORDERED** that Defendants' Joint Motion to Dismiss Case For Failure to Prosecute Claims Under Rule 41(b) is **GRANTED**.  The pending Motion for Leave to File First Amended Complaint (Doc. 56) is **DISMISSED** as **MOOT**.  This case is **DISMISSED** without prejudice.  The dismissal of this action does not count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for each action was incurred at the time the action was filed, regardless of subsequent developments in the case.  Accordingly, the $350.00 filing fee remains due and payable in each case.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 9/9/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

4